IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America | Case No. 3:18-cr-00076-TLW-1 |
|---|---|
| v. | **Order** |
| Carvalous Lyles | |

This matter comes before the Court for consideration of the Motion to Suppress filed by Defendant Carvalous Lyles. ECF No. 30. For the reasons stated below, the motion is denied.

## I.  Factual and Procedural History

The Government charged Lyles in a single-count indictment with being a felon in possession of a firearm and ammunition on or about December 28, 2017. ECF No. 12. He filed a motion to suppress, asserting that the vehicle search that led to the discovery of the firearm and ammunition at issue was unconstitutional. ECF No. 30. After the parties briefed the motion, ECF Nos. 32, 38, the Court held a suppression hearing. At the hearing, the Court heard testimony from Sergeant Moody and Investigator Gilliam, both with the Columbia Police Department (CPD); the Honorable Russell T. Spencer, a City of Columbia municipal court judge; Investigator Simon with the federal public defender's office; and Ranzina Addison, Lyles' then-girlfriend. Additionally, the Court reviewed a video recording from the body camera of Sgt. Moody. At the conclusion of the hearing, the Court took the matter under advisement.

Based on the testimony at the suppression hearing and the body camera video, the Court makes the following findings of fact. On December 28, 2017, CPD officers located Lyles, who had active arrest warrants, sitting in a vehicle in a strip mall parking lot. Sgt. Moody and Inv.

1

Gilliam approached the driver's side of Lyles' vehicle,[1] told him to step out of the vehicle, and arrested him without incident.

As Inv. Gilliam took Lyles away from the vehicle, Sgt. Moody was standing in the doorframe and smelled marijuana emanating from the vehicle. He then immediately began to search it.[2] He observed a razor blade in plain view on the driver's seat and a Crown Royal bag sticking out from underneath the seat. He dumped the contents of the Crown Royal bag onto the seat and found two small bags of suspected marijuana, a pill bottle containing suspected crack, loose .22-caliber ammunition, and various other items.

At that point, Inv. Gilliam approached the vehicle and discussed with Sgt. Moody and an unidentified CPD officer what to do with the vehicle. Inv. Gilliam said that he would obtain a search warrant for the vehicle and he later did so.[3] The vehicle was then towed to a CPD facility. After Inv. Gilliam returned with the warrant, the vehicle was searched, and that search uncovered a .22-caliber rifle in the trunk, in addition to the marijuana, crack, and ammunition that Sgt. Moody originally found in the Crown Royal bag.

## II. Discussion

The Government argues that the vehicle search was constitutional for two reasons: (1) the

---

[1] The vehicle was owned by Addison, but Lyles regularly used it with her permission.

[2] The body camera video indicates that Sgt. Moody believed that he could search the vehicle incident to Lyles' arrest, but the Government properly concedes that, pursuant to *Arizona v. Gant*, 556 U.S. 332 (2009), the search cannot be upheld on that basis.

[3] The validity of the warrant and the circumstances surrounding Inv. Gilliam obtaining it were the subject of a substantial portion of the testimony and argument. However, in light of the Court's conclusion that Sgt. Moody smelled marijuana in the vehicle, the validity of the warrant is not relevant, so the Court will not address that issue in detail in this order.

automobile exception applies because Sgt. Moody smelled marijuana in the vehicle; and (2) the inevitable discovery doctrine applies because the firearm and ammunition would have been discovered during an inventory search of the vehicle. Lyles responds by arguing (1) that that automobile exception does not apply because Sgt. Moody's testimony that he smelled marijuana was not credible; and (2) that the CPD tow policy did not require the vehicle to be towed and that it was not a true inventory search because it was a pretext for an unconstitutional investigatory search.

### A. Automobile exception

The automobile exception was established in *Carroll v. United States*, which held that a warrantless search of a vehicle is not unreasonable, and therefore does not violate the Fourth Amendment, if the police have probable cause to believe that the vehicle contains contraband. 267 U.S. 132, 158–59 (1925). In *United States v. Ross*, the Supreme Court held that the scope of the search authorized by the automobile exception "is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." 456 U.S. 798, 825 (1982).

The Fourth Circuit has held that the smell of marijuana alone provides probable cause to justify a vehicle search. *United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002). Thus, if Sgt. Moody's testimony that he smelled marijuana is credible, he was justified in searching the vehicle.

The Court carefully considered the testimony of Sgt. Moody and the other witnesses, as well as the body camera video of the incident. The factors the Court considered while evaluating Sgt. Moody's testimony included his demeanor and appearance on the witness stand, his recollection of the incident, any bias that he may have, and consistency between his testimony and

that of other witnesses and other evidence at the hearing. In light of those and other factors, the Court concludes that his testimony that he smelled marijuana in Lyles' vehicle was credible. The Court notes that, while Sgt. Moody did not mention on the body camera video that he smelled marijuana, the evidence offered at the suppression hearing, including his sworn testimony, supports the conclusion that he smelled marijuana in the vehicle. That evidence includes the facts that the incident report and supplemental report that he prepared shortly after the incident reflected that he smelled marijuana in the vehicle, he was in a position to have smelled marijuana in the vehicle, and user-quantities of marijuana were ultimately found in the vehicle.[4] Accordingly, pursuant to *Scheetz*, the vehicle search was constitutional pursuant to the automobile exception.

### B. Inventory search

The Court carefully considered the parties' arguments and cases cited in connection with the inventory search issue. However, in light of the above determination regarding the automobile exception, it is not necessary for the Court to rule on the inventory search question, and the Court declines to do so.

## III. Conclusion

Because the search of the vehicle was constitutional pursuant to the automobile exception,

---

[4] The Court also notes that Lyles did not deny the smell of marijuana in the vehicle, even though he could have done so without prejudice to his Fifth Amendment rights at trial. *See Simmons v. United States*, 390 U.S. 377, 394 (1968) ("We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection."); *see also United States v. White*, No. 2:15-311-RMG, 2016 WL 10704587, at *2 (D.S.C. May 26, 2016) ("Defendant himself did not deny committing a traffic violation, even though he could have done so without prejudice to his Fifth Amendment rights at trial."), *aff'd*, 707 F. App'x 766 (4th Cir. 2017).

Lyles' Motion to Suppress, ECF No. 30, is **DENIED**.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

July 27, 2018
Columbia, South Carolina